### *In re* SNELLING'S WILL.

*(Supreme Court, General Term, Second Department. February 8, 1892.)*

**WILLS—COMPETENCY OF TESTATRIX—EVIDENCE.**

Testatrix's will was drawn by a lawyer of respectability, according to directions given by her, and on the day of its execution it was read twice in her hearing, and she said it was as she desired it to be. *Held* sufficient to show capacity of the testatrix, notwithstanding old age.

Appeal from surrogate's court, Suffolk county.

Application for the probate of the will of Mary Snelling, deceased. Probate was contested by Mary Gordon and others, on the ground, among others, of incapacity of testatrix to execute a will by reason of advanced age and impaired faculties. From a decree admitting the will to probate contestants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*L. R. Beckley,* for appellants. *Thomas Young,* for respondents.

DYKMAN, J. This is an appeal from a decree of the surrogate of Suffolk county admitting to probate the last will and testament of Mary Snelling, deceased, and from the order denying a motion for a new trial. The proof of the will was resisted, and much testimony was taken during the contest; but the surrogate has found all the facts against the contestants, and we think his findings and conclusions are fully justified by the evidence. The will was drawn by a lawyer of respectability, from directions received from the testatrix. It was executed with due regard to the formalities prescribed by the statute, and all the requirements of the law received full compliance. There was no proof or appearance of any influence, due or undue, and it is entirely plain that the testatrix knew full well the disposition she was making of her property. She gave the directions to her lawyer a few days before it was presented to her for execution, and on that day it was read twice in her hearing, and she said it was as she desired it to be. The testimony on the part of the proponents answered all the requirements of the law to validate the will, and the evidence in opposition was quite insufficient for its overthrow. The decree should be affirmed, with costs to be paid by the contestants.